**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | |
|---|---|
| **MARK ANTHONY BATTS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:14-19307** |
| ) | |
| **BART MASTERS, Warden,** ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 24, 2014, Petitioner, an inmate incarcerated at FCI McDowell, Welch, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 2.) Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

**PROCEDURE AND FACTS**

Petitioner was arrested for Armed Robbery, and other charges, by Maryland State authorities on September 26, 2002. (Document No. 7, p. 15.) At the time of Petitioner's above arrest, Petitioner was on supervision by the State of Maryland ["State Case No. 2"]. (Id.) Petitioner remained in State custody following his arrest. (Id.) On September 27, 2002, Petitioner was charged in the District Court for Baltimore County with "HGV Use/FEL-VIOL Crime," 4 counts of Armed Robbery, and

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"Motor VEH/Unlawful Taking" in Case Number 4C00179190 ["State Case No. 1."] (Id., pp. 15, 23-24.) On November 18, 2002, Petitioner was returned to the Maryland Department of Corrections on a retake warrant pending a hearing with the Maryland Parole Commission. (Id., p. 16 and 21.)

On December 20, 2002, a warrant was issued from the District Court for Baltimore City charging Petitioner with First Degree Murder, Second Degree Murder, "HGV USE/FEL-VIOL Crime," First Degree Assault, Second Degree Assault, and Handgun on Person in Case Number 1B014349B4 ["State Case No. 3."]. (Id., pp. 16, 26, and 27.) Petitioner was charged on January 21, 2003, in the Circuit Court for Baltimore City with First Degree Murder, "Handgun: Use in Committing Crime," "Handgun on Person: Carry/Wear," and Second Degree Murder in Case No. 10302102 (State Case No. 3.). (Id., pp. 16, 29 - 33.)

On May 19, 2003, Petitioner was convicted in State Case No. 1 of "Robbery w/D&D Weapon" (Count 4) and a "Handgun Violation" (Count 16) and sentenced to a term of 2 years, 4 months, and 3 days. (Id., pp. 16, 21, 35 - 43.) Petitioner's sentence in State Case No. 1 was amended on June 9, 2003, to reflect the correct number of prior custody credit days of 234, with a start date of September 27, 2002. (Id., p. 42) On June 13, 2003, Petitioner filed an appeal regarding State Case No. 1 to the Baltimore County Circuit Court. (Id.)

On September 21, 2004, Petitioner was indicted in the United States District Court for the District of Maryland for three counts of Bank Robbery, Use of a Firearm in a Crime of Violence, and Aiding and Abetting. (Id., pp. 16, 45 - 49.) A bench warrant was issued for his arrest on September 22, 2004. (Id., p. 47.) On October 14, 2004, Petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the State of Maryland. (Id.) Petitioner appeared in the United States District Court for the District of Maryland on October 29, 2004, for

his Initial Appearance and Arraignment. (Id.)

On January 18, 2005, Petitioner's appeal was granted and all charges were dismissed regarding State Case No. 1. (Id., p. 42) On March 17, 2005, Petitioner was sentenced in State Case No. 3 by the Baltimore City Circuit Court to life, plus 20 years (Id., pp. 16 and 32.) Petitioner filed his appeal in State Case No. 3 on March 28, 2005. (Id.)

On May 6, 2005, Petitioner pled guilty in the United States District Court for the District of Maryland to Bank Robbery and Use of a Firearm in a Crime of Violence. (Id., p. 47.) On September 16, 2005, Petitioner was sentenced in the District of Maryland to a 57 month term of imprisonment for Bank Robbery and an 85 month term of imprisonment for Use of a Firearm in a Crime of Violence. (Id.) The District of Maryland ordered that the "sentence of 141 months shall be served concurrently with any and all outstanding sentences state or federal sentences defendant is currently serving." (Id.) On September 23, 2005, the District of Maryland entered an Amended Judgment clarifying that Petitioner's 57 month term of imprisonment was to be "served concurrently with any and all outstanding state or federal sentences defendant is currently serving, and shall be effective from the date of arrest for the charged bank robbery," and that his 84 month term of imprisonment was to be served consecutively to the 57 month term imposed and consecutively to Petitioner's outstanding State sentences. (Id.)

On August 7, 2007, the Special Court of Appeal granted Petitioner a new trial in State Case No. 3. (Id., pp. 16 and 32.) On May 26, 2009, Petitioner was convicted and resentenced in State Case No. 3 by the Baltimore City Circuit Court to the following: (1) a 20 year term of imprisonment, with 5 years suspended, to be followed by 5 months of probation for the offense of "Handgun: Use in Committing a Crime" (Count 2); and (2) a 30 year term of imprisonment, with 30 years suspended,

to be followed by 5 years of probation for the offense of Second Degree Murder (Count 4). (Id., pp. 16, 29 - 30.) On October 24, 2013, Petitioner was released from his State sentence into the custody of the United States Marshal Service to commence service of his Federal sentence. (Id., p. 58.)

On June 24, 2014, Petitioner filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 2.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id., pp. 7 - 9.) Specifically, Petitioner appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. (Id.) First, Petitioner claims that the BOP is failing to consider that his State conviction was overturned and vacated in 2007 when calculating his Federal sentence that was ordered to run partially concurrent and partially consecutive to his State sentence. (Id.) Second, Petitioner argues that he is entitled to prior custody credit from the date of his arrest (September 26, 2002), until the date of his Federal sentence (September 16, 2005). (Id.)

By Order entered on August 11, 2014, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.) On September 5, 2014, Respondent filed his Response to the Order to Show Cause. (Document No. 7.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on September 4, 2009" (Id., pp. 6 - 10.); (2) Petitioner is not entitled to additional prior custody credit (Id., pp. 11 - 12.); and (3) "Petitioner's resentencing by the State had no effect on his Federal sentence." (Id., p. 12.).

In support, Respondent attaches the following Exhibits: (1) The Declaration of Cynthia Bell, Management Analyst (Id., pp. 15 - 19.); (2) A copy of an e-mail from Maryland State dated May 16,

2008 (Id., pp. 20 - 21.); (3) A copy of the State District Court of Maryland's Case Information for Case No. 4C0017910 (Id., pp., 22 - 24.); (4) A copy of the State District Court of Maryland's Case Information for Case No. 1B1434084 (Id., pp. 25 - 27.); (5) A copy of the State District Court of Maryland's Case Information for Case No. 103021024 (Id., pp. 28 - 33.); (6) A copy of the State District Court of Maryland's Case Information for Case No. 03K02004310 (Id., pp. 34 - 43.); (7) A copy of the Docket Sheet for Case No. 1:04-cr-00441 as filed in the United States District Court for the District of Maryland (Id., pp. 44 - 49.); (8) A copy of the Amended Judgment as filed in Case No. 1:04-cr-00441 as filed in the United States District Court for the District of Maryland (Id., pp. 50 - 56.); (9) A copy of the Department of Public Safety and Correctional Services Memorandum dated October 17, 2013 (Id., pp. 57- 58.); (10) A copy the Petitioner's "Public Information Inmate Data as of 08-14-2014" (Id., pp. 59 - 61.); and (11) A copy of four "Independent Sentence Computation" (Id., pp. 62 - 69.).

In Reply, Petitioner first argues that prison officials improperly decreased his total prior credit time after he began the administrative remedy process challenging the calculation of his sentence. (Document No. 8, p. 2, 7 - 15.) Petitioner states that the foregoing resulted in his sentence being increased by "a total of two (2) years, two (2) months and 24 days."[2] (Id., p. 2.) Next, Petitioner argues that the language of his Federal sentencing order stating that his sentence was to run "consecutively to the outstanding State sentence defendant is currently serving" was rendered "null and void" when his State sentence was overturned and vacated. (Id.) Third, Petitioner states

---

[2] Petitioner's "Sentencing Monitoring Computation Data as of 11-12-2013" reveals that the BOP granted him prior jail credit from September 26, 2002, until March 16, 2005. (Document No. 8, pp. 6 - 9.) Petitioner's "Sentencing Monitoring Computation Data as of 02-03-2014" reveals that the BOP granted him prior jail credit from September 26, 2002, until December 22, 2002. (Id., pp. 12 - 15.)

5

that he disagrees with Respondent's application of 18 U.S.C. § 3585(A) in determining that his Federal sentence commenced on September 4, 2009. (Id., p. 3.) Petitioner argues that his Federal sentence should have commenced on September 26, 2002, because the Federal sentencing Judge directed that his concurrent sentence should begin to run from the date of Petitioner's arrest for the charge of Bank Robbery. (Id.) Finally, Petitioner argues that the State of Maryland lost primary jurisdiction on August 7, 2007, when Petitioner's "State 1st Degree Murder charge and life sentence was overturned and vacated."[3] (Id., pp. 3 - 4.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Sentencing Monitoring Computation Data as of 11-12-2013" (Id., pp. 6 - 9.); (2) A copy of Petitioner's "Informal Resolution Form" dated December 5, 2013 (Id., pp. 10 - 11.); (3) A copy of Petitioner's "Sentencing Monitoring Computation Data as of 02-03-2014" (Id., pp. 12 - 15.); and (4) A copy of page 7 from Petitioner's Presentence Report (Id., pp. 16 - 17.).

## ANALYSIS

**A.     Petitioner's Federal sentence did not commence until September 4, 2009.**

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence, however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. Miramontes v. Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that

---

[3] In his Reply, Petitioner further complains that his Presentence Report contained incorrect information resulting in an incorrect sentence. The undersigned notes that a Petition filed under Section 2241 is an inappropriate means to challenge the validity of Petitioner's sentence.

6

"defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Thus, Petitioner's Federal sentence could not commence prior to the date of its imposition on September 16, 2005.[4] Although the District Court ordered that Petitioner's Federal sentence was to run partially concurrent and partially consecutive with his State sentence, Petitioner's sentences may not run fully concurrently.

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a Federal sentence to begin to run while an inmate is in State custody. See 18 U.S.C. § 3621(b); United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal

---

[4] Petitioner argues that his Federal sentence should have commenced on the date of his arrest (September 26, 2002). (Document No. 8, p. 3.) The undersigned further notes that Petitioner's above argument would result in his total Federal sentence of 141 months (concurrent 57-month term and consecutive 84-month term) running concurrently with his State sentence.

sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Based upon a review of the record, the Court finds that the BOP appropriately made a nunc pro tunc designation by deeming Petitioner's Federal sentence to have commenced on September 4, 2009. The District Court ordered that Petitioner's 57-month term was to run concurrent with Petitioner's State sentences, and his 84-month term was to run consecutive to Petitioner's State sentences. To determine the commencement date of the concurrent portion (57-month term) of Petitioner's Federal sentence, the BOP first determines the release date for the consecutive term (84-month term). (Document No. 7, p. 17.) Petitioner's consecutive term (84-month term) commenced on October 24, 2013, the date Petitioner was released from his State sentence. The BOP then added "84 months to October 24, 2013 and back up one day to ensure the beginning date of the computation is included and to prevent the addition of one day to the sentence," resulting in October 23, 2020 as the tentative effective full term date for the consecutive 84-month term. (Id.) Next, the BOP reduced the full term date (October 23, 2020) by the amount of Good Conduct Time ["GCT"] that may be earned on the consecutive 84-month term (329 days), resulting in a projected release target date of November 29, 2019. Then the BOP subtracted the entire aggregate sentence[5] (141 months) from the target date (November 29, 2019), resulting in a preliminary start date of February 29, 2008, for the 141-month sentence. Finally, the BOP determines the computation date by adding the amount of GCT that can be earned during the entire 141-month aggregate sentence (552 days) to the preliminary start date (February 29, 2008), resulting in the final computation date of September 4, 2009. (Id., p. 18.).

---

[5] The BOP added the 57-month term with the 84-month term to determine the aggregate sentence of 141-months.

Based on the foregoing, the undersigned finds that the BOP has appropriately made a nunc pro tunc designation by giving Petitioner Federal credit for time served in State custody regarding this concurrent 57-month Federal sentence.

**B.    Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

> **(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive additional prior custody credit. Petitioner is seeking Federal credit for time served in State custody following his arrest (September 26, 2002) through March 16, 2005 (the day before his sentence in State Case No. 3 was imposed).[6] (Document No. 8, p. 2, 7 - 15.) The record reveals that the BOP has granted Petitioner prior custody credit for September 26, 2002 (date of his arrest) through December 22,

---

[6] Petitioner's "Sentence Monitoring Computation Data As of 11-12-2013" reveals that the BOP mistakenly granted Petitioner prior custody credit for September 26, 2002, through March 16, 2005. (Document No. 8, p. 8.)

9

2002 (the date prior to his commitment by the State for service of his sentence for State Case No. 3). (Document No. 7, p. 21.) The record reveals that Petitioner received credit towards his State sentence for the time period of December 23, 2002 (date his commitment for State Case No. 3 began to run) through September 3, 2009 (date prior to his Federal sentence commencing). The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to any additional prior custody credit.

**3.      State Court did not Relinquish Primary Jurisdiction by Granting Petitioner's Appeal.**

Petitioner argues that the State lost primary jurisdiction on August 7, 2007, when Petitioner's "State 1st Degree Murder charge and life sentence was overturned and vacated." (Document No. 8, pp. 3 - 4.) Respondent argues that "Petitioner's resentencing by the State had no effect on his Federal sentence." (Document No. 7, p. 12.)

In the instant case, State authorities arrested Petitioner on September 26, 2002. On September 27, 2002, Petitioner was charged in State Case No. 1 with "HGV Use/FEL-VIOL Crime," 4 counts of Armed Robbery, and "Motor VEH/Unlawful Taking" in Case Number 4C00179190. (Document No. 7, pp. 15, 23-24.) On January 21, 2003, Petitioner was charged in State Case No. 3 with First Degree Murder, "Handgun: Use in Committing Crime," "Handgun on Person: Carry/Wear," and Second Degree Murder. (Id., pp. 16, 29 - 33.) On May 19, 2003, Petitioner was

10

convicted in State Case No. 1 of "Robbery w/D&D Weapon" (Count 4) and a "Handgun Violation" (Count 16) and sentenced to a term of 2 years, 4 months, and 3 days. (Id., pp. 16, 21, 35 - 43.) On September 21, 2004, Petitioner was indicted in the United States District Court for the District of Maryland for three counts of Bank Robbery, Use of a Firearm in a Crime of Violence, and Aiding and Abetting. (Id., pp. 16, 45 - 49.) A bench warrant was issued for his arrest on September 22, 2004. (Id., p. 47.) On October 14, 2004, Petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the State of Maryland. (Id.) Subsequently, Petitioner was returned to State custody. On January 18, 2005, Petitioner's appeal was granted and all charges were dismissed regarding State Case No. 1. (Id., p. 42) On March 17, 2005, Petitioner was sentenced in State Case No. 3 by the Baltimore City Circuit Court to life, plus 20 years (Id., pp. 16 and 32.) Petitioner filed his appeal in State Case No. 3 on March 28, 2005. (Id.) On May 6, 2005, Petitioner pled guilty in the United States District Court for the District of Maryland to Bank Robbery and Use of a Firearm in a Crime of Violence. (Id., p. 47.) On September 16, 2005, Petitioner was sentenced in the District of Maryland to a 57 month term of imprisonment for Bank Robbery and an 85 month term of imprisonment for Use of a Firearm in a Crime of Violence. (Id.) On September 23, 2005, the District of Maryland entered an Amended Judgment clarifying that Petitioner's sentences were to be served partially concurrent and partially consecutive to Petitioner's outstanding State sentences. (Id.) On August 7, 2007, the Special Court of Appeal granted Petitioner a new trial in State Case No. 3. (Id., pp. 16 and 32.) On May 26, 2009, Petitioner was convicted and resentenced in State Case No. 3 to the following: (1) a 20 year term of imprisonment, with 5 years suspended, to be followed by 5 months of probation for the offense of "Handgun: Use in Committing a Crime" (Count 2); and (2) a 30 year term of imprisonment, with 30 years suspended, to be followed by 5 years of probation for the offense of Second Degree Murder (Count 4). (Id., pp. 16, 29 - 30.) On

October 24, 2013, Petitioner was released from his State sentence into the custody of the United States Marshal Service to commence service of his Federal sentence. (Id., p. 58.)

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the instant case, State authorities arrested Petitioner on September 26, 2002. Accordingly, State authorities obtained primary jurisdiction on September 26, 2002. Although the State granted Petitioner's appeal and remanded for a new trial in State Case No. 3, there is no evidence that the State relinquished its primary jurisdiction. (Document No. 7, p. 32.) Petitioner was again convicted and resentenced in State Case No. 3. (Id., pp. 29 - 30.) Thus, there is no indication that the State relinquished its primary jurisdiction by granting Petitioner's appeal in State Case No. 3. Grier v. Purdue, 2014 WL 3823999 at * 3 (N.D.W.Va. Aug. 4, 2014)(citing United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)(A sovereign may relinquish primary jurisdiction by "releasing a defendant on parole, granting bail, or dismissing pending charges.") Accordingly, the undersigned finds that the State retained primary jurisdiction over Petitioner until October 24, 2013, the day Petitioner satisfied his State sentences.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 4, 2015.

R. Clarke VanDervort
United States Magistrate Judge