IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MARK ANTHONY BATTS,

      Petitioner,

v.                          Civil Action No: 1:14-19307

BART MASTERS,
Warden


      Respondent.

### MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 2). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on February 4, 2015. (Doc. No. 9). In the PF&R, Magistrate Judge VanDervort recommended that the court dismiss petitioner's petition for a writ of habeas corpus.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Petitioner timely filed objections on February 18, 2015. (Doc. No. 11). Because

petitioner's objections are without merit, the court adopts the PF&R and dismisses petitioner's petition.

**I.   <u>Background</u>**

Petitioner has a long and convoluted history with the judicial system.  For the sake of brevity, the court summarizes below petitioner's relevant charges and convictions, but incorporates by reference Magistrate Judge VanDervort's comprehensive account of petitioner's legal history.  (Doc. No. 9 at 1-4).

**A. State of Maryland Charges**

On September 26, 2002, petitioner was arrested for armed robbery and related charges in the State of Maryland ("State Case No. 1").[1]  Petitioner was convicted in State Case No. 1 of one count of robbery with a weapon and one count of a handgun violation and received a sentence of two years, four months, and three days.  Petitioner appealed his conviction, and, on January 18, 2005, his appeal was granted and all charges were dismissed regarding State Case No. 1.

On January 21, 2003, while petitioner was in custody in connection with State Case No. 1, he was charged with first degree murder, second degree murder, and various firearms charges in another case ("State Case No. 3").  Petitioner was

---

[1] At the time of petitioner's arrest, he was on supervision by the State of Maryland in regard to another case, State Case No. 2.

2

convicted of the charges and sentenced to a term of life plus twenty years.

On August 7, 2007, the Maryland Special Court of Appeal granted petitioner a new trial in State Case No. 3.  On May 26, 2009, petitioner was convicted and sentenced in State Case No. 3 to:  (1) a twenty-year term of imprisonment with five years suspended for use of a handgun while committing a crime; and (2) a thirty-year term of imprisonment with thirty years suspended for second degree murder.

### B.   Federal Charges

On September 21, 2004, while in state custody, a grand jury in the United States District Court for the District of Maryland indicted petitioner on five counts, including:  three counts of bank robbery, one count of use of a firearm in a crime of violence, and one count of aiding and abetting a felon in possession of a firearm.  Petitioner appeared in the United States District Court for the District of Maryland to respond to these charges pursuant to a federal writ of habeas corpus ad prosequendum from the State of Maryland.

On May 6, 2005, petitioner pled guilty to bank robbery and using a firearm in a crime of violence.  Petitioner received a sentence of:  (1) a fifty-seven month term of imprisonment for bank robbery, to be served concurrently to petitioner's undischarged State sentences; and (2) an eighty-four month term

of imprisonment for use of a firearm in a crime of violence, to be served consecutively to his sentence for bank robbery as well as any outstanding state sentences.[2]   On October 24, 2013, after satisfying his state sentences, the State of Maryland released petitioner into the custody of the United States Marshals Service to serve his federal sentences.

On June 24, 2014, petitioner filed the instant Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.  (Doc. No. 2).  In his petition, petitioner alleges that the Bureau of Prisons ("BOP") has incorrectly calculated his term of imprisonment.  Specifically, petitioner contends that the BOP has failed to consider his overturned conviction in State Case No. 1 when calculating his remaining term of incarceration and further argues that he is entitled to prior custody credit from the date of his arrest in State Case No. 1 to the date of his federal sentence.

## II.   Petitioner's Objections to the PF&R

Initially, the court notes that petitioner does not make specific objections to the PF&R but, instead, reiterates his

---

[2] The District Court's initial Judgment Order stated that petitioner's total 141-month sentence "shall be served concurrently with any and all outstanding sentences state or federal defendant is currently serving."  The District Court entered an Amended Judgment Order one week later, clarifying that petitioner's fifty-seven month term imprisonment would be served concurrently to his state sentence, while his eighty-four month term imprisonment would be served consecutively to all of his outstanding sentences.  (Doc. No. 7 at Exh. G).

response to the Government's opposition to his petition.  (Doc.
No. 8).  These arguments "do not direct the court to a specific
error in the magistrate's proposed findings and recommendations"
because they are "general and conclusory."  Orpiano v. Johnson,
687 F.2d 44, 47 (4th Cir. 1982).  As a result, a court need not
conduct a de novo review of such objections.  Id.  However,
having reviewed petitioner's objections de novo, the court
concludes that they are without merit.

　　　Petitioner's first objection relates to the commencement
date of his federal sentence.  In the PF&R, Magistrate Judge
VanDervort concluded that petitioner's federal sentence did not
commence until September 4, 2009.  (Doc. No. 9 at 6).
Petitioner argues that, because the district judge pronounced
his sentence on September 16, 2005, the BOP should consider this
date as the commencement date of his federal sentence.  (Doc.
No. 11 at 1).

　　　Having reviewed the record, the PF&R, and petitioner's
objection in its entirety, the court concurs with the PF&R's
conclusion that the BOP appropriately calculated the
commencement date of petitioner's federal sentence.  18 U.S.C. §
3585(a) provides the statutory basis for the commencement of a
federal sentence:  "A sentence to a term of imprisonment
commences on the date the defendant is received in custody
awaiting transportation to, or arrives voluntarily to commence

5

service of sentence at, the official detention facility at which the sentence is to be served." (2012). However, in certain instances, a defendant's sentence may commence prior to his or her arrival at a federal facility. Under 18 U.S.C. § 3621(b), the BOP retains authority to designate the place of a prisoner's imprisonment. (2012). This authority is of special import in cases such as petitioner's, where a federal court orders its sentence to run concurrent to a previously imposed state sentence. As a result, a federal sentence may commence while a defendant is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998).

In light of this authority, the BOP credited petitioner for time he served in state custody, credit which runs only in favor of his 57-month term of imprisonment. On October 24, 2013, petitioner arrived in federal custody for service of his undischarged federal sentences. Only after he has completed his fifty-seven month term of imprisonment will he begin to serve his eighty-four month term of imprisonment. The PF&R offers a detailed analysis of the BOP's calculation guidelines, and how the BOP arrived at the September 4, 2009 date, giving petitioner credit for time served as well as "Good Conduct Time." Petitioner does not appear to object to these calculations, but

instead argues that both of his terms of imprisonment began upon their imposition.  As described above, the BOP credited petitioner for time served in a state facility, but this credit runs in favor only of his fifty-seven month term of imprisonment.  Under the district court's order, petitioner must serve his eighty-four month term of imprisonment after he has satisfied his fifty-seven month term of imprisonment.  The court finds no error in the BOP's calculation, and, as a result, petitioner's objection is overruled.

Secondly, petitioner objects that he is entitled to additional prior custody credits.  Petitioner concedes that he has received credit for his time in state custody, but complains that the BOP has applied these credits to time he served prior to his October 2013 transfer to federal custody.  In petitioner's words, this credit "is of no benefit to him." (Doc. No. 11 at 2).

The court concurs with the PF&R's conclusion that petitioner is not entitled to further prior custody credit and overrules his objection.  Petitioner was in custody for 88 days before he began serving his state sentence--from September 26, 2002, when he was arrested, to December 22, 2002, the day before he began to serve his state sentences.  The BOP has credited petitioner with these eighty-eight days, with the credits beginning on September 4, 2009, the commencement date of

7

petitioner's sentence.  (Doc. No. 7 at Exh. I).  Contrary to petitioner's argument that these credits are of no use to him, these credits have reduced the overall time that petitioner will spend incarcerated.  Consequently, the court finds that petitioner is not entitled to further prior custody credits and overrules his objection.

Additionally, petitioner objects to the PF&R's conclusion that the State of Maryland did not relinquish primary jurisdiction when it vacated his state conviction and sentence in State Case No. 1.  According to petitioner, the Maryland Special Court of Appeals' grant of a new trial on August 7, 2007 should have permitted him to "resume[ ] his life and liberty," but he was not allowed to do so because of the "'hold/detainer' levied against [him] by the BOP."  (Doc. No. 11 at 3).

However, there is no indication that the State of Maryland relinquished primary jurisdiction over the defendant until October 24, 2013.  As described in the PF&R, a sovereign may relinquish primary jurisdiction by "releasing a defendant on parole, granting bail, or dismissing pending charges."  United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005).  None of these occurred in petitioner's case.  Instead, the State of Maryland retained primary jurisdiction and physical custody of petitioner from his initial arrest on September 26, 2002 until October 24, 2013, when he satisfied his state sentences and the

8

state transferred him to federal custody.   Therefore, the court finds that petitioner's objection is without merit.

Finally, petitioner objects that the PF&R failed to address his contention that the BOP has retaliated against him for initiating an administrative remedy process by lengthening his sentence.   According to petitioner, he received a second "Sentence Monitoring Computation Report" on February 3, 2014, two months after initiating an administrative remedy process, and, in this report, the BOP recalculated his estimated release date, estimating that petitioner would spend over two years longer in jail than initially projected.   (Doc. No. 8 at 2). The court notes that petitioner raised this claim in his response brief only, (Doc. No. 8), rather than his initial petition, (Doc. No. 2), despite receiving his second sentence report four-and-a-half months before filing his petition.

Because petitioner knew of this argument but chose not to include it in his Section 2241 petition, the court need not rule on its merits.   Where a petitioner objects to a PF&R for failing to address an argument he or she raised for the first time in responsive briefing, a court need not address the objection. Hill v. United States, Civil Action No. 5:09CV19, 2010 WL 391627, *4 (N.D.W. Va. Jan. 26, 2010) (citing Stancik v. CNBC, 420 F. Supp. 2d 800, 808 (N.D. Ohio 2006)).   In this case, petitioner received the recalculation of his estimated release

date over four months before filing his Section 2241 petition.
If he sought relief based upon this ground, petitioner had an
obligation to include it in his petition.

However, having reviewed each "Sentence Monitoring
Computation Report" attached to petitioner's response brief, the
court finds no support for his argument that the BOP increased
his estimated release date in retaliation for his administrative
claim.  Instead, it appears that the BOP adjusted petitioner's
estimated release date to reflect accurately petitioner's total
prior credit time (eighty-eight days) as well as to reflect a
decrease in petitioner's Good Conduct Time (from 324 days to 216
days).  (Doc. No. 8 at Exhs. A, C).  In light of this review,
petitioner cannot sustain his argument that the BOP altered his
estimated release date in retaliation for his administrative
claim.  Accordingly, his objection is overruled.

Petitioner also filed with his objections a motion for an
extension of time to file his objections to the PF&R.  (Doc. No.
10).  As petitioner filed his objections within the specified
time, the court **DENIES** his motion as moot.

### III. Conclusion

Accordingly, the court **OVERRULES** petitioner's objections to
Magistrate Judge VanDervort's PF&R.  The court **ADOPTS** the
factual and legal analysis contained within the PF&R, **DENIES** as
moot petitioner's motion for an extension of time to file

objections, (Doc. No. 10), **DISMISSES** petitioner's petition for a writ of habeas corpus, (Doc. No. 2), and **DISMISSES** this matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

IT IS SO ORDERED on this 27th day of April, 2015.

ENTER:

David A. Faber
Senior United States District Judge

11